UNITED STATES v. BEEBE et al.

(Circuit Court of Appeals, First Circuit.   January 16, 1901.)

No. 355.

TARIFF DUTIES—LIQUIDATION OF ENTRY.

The collector, on entry being made of an invoice in rupees, liquidated it, not in accordance with the proclaimed value, as provided by Tariff Act 1894, c. 349, § 25 (28 Stat. 552), but at a higher value, assuming to act under the proviso that the secretary of the treasury may order re-liquidation on satisfactory evidence that the value of the foreign money exceeds by 10 per cent. the proclaimed value. The importer made protest. After the protest the secretary of the treasury wrote the collector that he was satisfied the value of the foreign money was more than 10 per cent. greater than the proclaimed value, and that under the authority conferred on him by section 25 he approved the collector's action. *Held*, that the importer had a right to have a proper liquidation by the collector in the first instance, which right was fixed by the protest, and was not affected by the subsequent action of the secretary.

Appeal from the Circuit Court of the United States for the District of Massachusetts.

Boyd B. Jones, U. S. Atty. (Albert H. Washburn, Asst. U. S. Atty., on the brief), for the United States.

William R. Sears (Wipple, Sears & Ogden, on the brief), for appellees.

Before PUTNAM, Circuit Judge, and WEBB and ALDRICH, District Judges.

PUTNAM, Circuit Judge.   This is an appeal by the United States against importers, arising under section 25 of the tariff act of 1894, c. 349 (28 Stat. 552), as follows:

"Sec. 25. That the value of foreign coin as expressed in the money of account of the United States shall be that of the pure metal of such coin of standard value; and the values of the standard coins in circulation of the various nations of the world shall be estimated quarterly by the director of the mint, and be proclaimed by the secretary of the treasury immediately after the passage of this act, and thereafter quarterly on the first day of January, April, July, and October in each year. And the values so proclaimed shall be followed in estimating the value of all foreign merchandise exported to the United States during the quarter for which the value is proclaimed, and the date of the consular certification of any invoice shall, for the purposes of this section, be considered the date of exportation: provided, that the secretary of the treasury may order the reliquidation of any entry at a different value, whenever satisfactory evidence shall be produced to him showing that the value in United States currency of the foreign money specified in the invoice was, at the date of certification, at least ten per centum more or less than the value proclaimed during the quarter in which the consular certification occurred."

The proceeding is under sections 14 and 15 of the customs administrative act, approved on June 10, 1890 (26 Stat. 137, 138). The invoice was in silver rupees, and the United States claim that the proviso which concludes section 25 of the act of 1894 applies to the case. Due entry having been made by the importers, the collector, instead of computing the rupee in accordance with the value proclaimed pursuant to the general terms of that section, liquidated

the invoice by estimating it in the manner which it is alleged is permitted to the secretary of the treasury on reliquidation according to its proviso. Thereupon, on February 17, 1899, the importers paid the duties, and seasonably and properly protested on the ground that the collector had assessed the ad valorem duty provided by law by valuing the rupee of the invoice at a rate or value other and more than that estimated and determined by the director of the United States mint and proclaimed by the secretary of the treasury. They also claimed in their protest that there should be refunded to them all excessive duties paid in accordance with the liquidation. The board of general appraisers on July 20, 1899, reviewed the case, and entered an order as follows: "The protest is sustained, and the collector's decision reversed, with instructions to reliquidate the entry accordingly." This was in accordance with section 14 of the act approved on June 10, 1890, which provides that a decision of the board of general appraisers shall be "transmitted to the proper collector, or person acting as such, who shall liquidate the entry accordingly," except in case of an appeal. The United States seasonably, by their petition, applied to the circuit court as provided in section 15 of the last-named statute. That court entered a judgment as follows: "The decision of the board of the United States general appraisers is hereby affirmed, and petition dismissed." From this judgment the United States seasonably took this appeal. No appeal was taken by the importers.

Subsequently to the protest, on March 31, 1899, the secretary of the treasury wrote the collector, among other things, as follows:

"In reply, I have to inform you that from an inspection of the invoices, and of the U. S. consular certificates attached thereto, the department is satisfied that the correct and true value of the India rupee was, at the date of shipment of the said merchandise, in fact more than ten per centum greater than that estimated by the director of the mint for the quarter covering said shipments. Your action in liquidating the entry on the basis of this higher valuation for the India rupee is, therefore, hereby approved, under the authority conferred upon the secretary of the treasury by section 25 of the act of Aug. 28, 1894."

The United States claim that this communication constituted a reliquidation as provided in section 25 of the act of 1894, and that it operated to validate the prior proceedings by the collector, or, at least, that it became effective to defeat the protest. That communication was not before the general appraisers when they made their decision, but it was properly returned into the circuit court as "further evidence," as provided in section 15 of the act of 1890.

The parties have fully argued before us certain substantial issues which they desire to raise with reference to the construction and application of the proviso in section 25 of the act of 1894; but we are unable to consider them, because they are not properly before us on this record. It is impossible for the court to foresee all the consequences involved in the right of an importer to have a liquidation by the collector in accordance with the proclaimed value of foreign coins, as directed in the general terms of the statute in question, or to foresee how far the rights of the United States and of importers may be involved in unauthorized departures from the

precise form of proceeding which the law requires in this respect. Whatever may be the powers of the secretary of the treasury, and whatever effect may be given to his reliquidation in accordance with the proviso, it is the legal right of the importer to have his invoice properly liquidated by the collector in the first instance. This right became fixed in the present case by the protest filed by the importers before any action was taken by the secretary of the treasury, and it cannot be taken away by any such action subsequent in date to the irregular proceedings at the port of importation. The decision of the board of general appraisers, the judgment of the circuit court, and the fact that only the United States have appealed, if the importers could also have done so, leave nothing to be considered by this court except the action of that board in directing the collector to liquidate the entry in accordance with its order. What proceedings should follow that liquidation, and what may be the effect of those proceedings, we have not undertaken to determine, for the reasons we have already stated. We must affirm the judgment of the circuit court, but, in order that the effect of the affirmation shall not be misunderstood or misapplied, we deem it proper to make it clear that the result of this appeal is without prejudice to the ultimate rights of the parties.

The judgment of the circuit court is affirmed, without prejudice to the right of either party to proceed further, after a proper liquidation by the collector of customs at the port of Boston, in accordance with section 25 of the tariff act of August, 1894, including the proviso therein, or in accordance with any other direction of law applicable to the circumstances of the case, if there be any such right.